IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOIS LYNN BISHOP,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT; SHERIFF'S DEPUTY B. JARVIS; and DOES 1 - 100;<br><br>        Defendants. | 2:06-cv-2729-GEB-EFB<br><br>STATUS (PRETRIAL SCHEDULING) ORDER |

The status (pretrial scheduling) conference scheduled in this case for March 12, 2007, is vacated since the joint status report submitted by the parties ("JSR") obviates the need for the conference. The following Order issues based on the parties' JSR and available dates.

DOE DEFENDANTS

The JSR indicates that "the identity of any doe Defendant will be discovered within the next ninety (90) days." (JSR at 2.) Plaintiff has until May 25, 2007, to file a motion in which leave is sought under Fed. R. Civ. P. 15(a) to file an Amended Complaint which could add a party to this action. The motion must be noticed for

1

hearing on the Court's earliest available law and motion date. If leave is not sought as stated, this will automatically effectuate dismissal of Does 1 through 100 from this action.

### ADDED DEFENDANT'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER

If Plaintiff substitutes a named defendant in place of a Doe defendant, a copy of this Order shall be served on that defendant concurrently with the service of process.

That defendant has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order," which request is not required to meet the good cause standard, provided it is made within this 30-day period.

### SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

### DISCOVERY

All discovery shall be completed by July 22, 2008. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

---

[1] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. See Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs
(continued...)

1  Each party shall comply with Federal Rule of Civil Procedure
2  26(a)(2)'s initial expert witness disclosure and report requirements
3  on or before February 22, 2008, and with the rebuttal expert
4  disclosures authorized under the Rule on or before March 21, 2008.

### MOTION HEARING SCHEDULE

6  The last hearing date for motions shall be September 22,
7  2008, at 9:00 a.m.[2]

8  Motions shall be filed in accordance with Local Rule 78-
9  230(b).  Opposition papers shall be filed in accordance with Local
10 Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed
11 consent to the motion and the Court may dispose of the motion
12 summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).
13 Further, failure to timely oppose a summary judgment motion may result
14 in the granting of that motion if the movant shifts the burden to the
15 nonmovant to demonstrate a genuine issue of material fact remains for
16 trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

17 Absent highly unusual circumstances, reconsideration of a
18 motion is appropriate only where:

19 (1)  The Court is presented with newly discovered evidence
20 that could not reasonably have been discovered prior to the filing of
21 the party's motion or opposition papers;

22 (2)  The Court committed clear error or the initial decision
23 was manifestly unjust; or

---

[1](...continued)
the risk of losing the opportunity to have a judge resolve discovery
motions pursuant to the Local Rules.

[2]  This time deadline does not apply to motions for continuances,
temporary restraining orders, emergency applications, or motions under
Rule 16(e) of the Federal Rules of Civil Procedure.

3

1  (3) There is an intervening change in controlling law.
2 A motion for reconsideration based on newly discovered evidence shall
3 set forth, in detail, the reason why said evidence could not
4 reasonably have been discovered prior to the filing of the party's
5 motion or opposition papers.  Motions for reconsideration shall comply
6 with Local Rule 78-230(k) in all other respects.
7  The parties are cautioned that an untimely motion
8 characterized as a motion in limine may be summarily denied.  A motion
9 in limine addresses the admissibility of evidence.

## FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for November 24, 2008, at 2:30 p.m.  The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trialworthy issues could be eliminated *sua sponte* "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law."  Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a JOINT pretrial statement with the Court not later than seven (7) days prior to the final pretrial conference.[3]  The joint pretrial statement shall specify the issues

---

[3] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

4

1  for trial and shall estimate the length of the trial.  The Court uses
2  the parties' joint pretrial statement to prepare its final pretrial
3  order and could issue the final pretrial order without holding the
4  scheduled final pretrial conference.  See Mizwicki v. Helwig, 196 F.3d
5  828, 833 (7th Cir. 1999) ("There is no requirement that the court hold
6  a pretrial conference.").  The final pretrial order supersedes the
7  pleadings and controls the facts and issues which may be presented at
8  trial.  Issues asserted in pleadings which are not preserved for trial
9  in the final pretrial order cannot be raised at trial.  Hotel Emp., et
10 al. Health Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987)
11 ("Issues not preserved in the pretrial order are eliminated from the
12 action."); Valley Ranch Dev. Co. v. F.D.I.C., 960 F.2d 550, 554 (5th
13 Cir. 1992) (indicating that an issue omitted from the pretrial order
14 is waived, even if it appeared in the pleading); cf. Raney v. Dist. of
15 Columbia, 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the
16 pretrial order to allow assertion of a previously-pled statute of
17 limitations defense); Olympia Co. v. Celotex Corp., 597 F. Supp. 285,
18 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal
19 contention, any claim for relief or defense in whole or in part, or
20 affirmative matter not set forth in [the pretrial statement] shall be
21 deemed . . . withdrawn, notwithstanding the contentions of any
22 pleadings or other papers previously filed [in the action]").
23         If possible, at the time of filing the joint pretrial
24 statement counsel shall also email it in a format compatible with
25 WordPerfect to: geborders@caed.uscourts.gov.
26                              TRIAL SETTING
27         Trial is set for February 24, 2009, commencing at 9:00 a.m.
28

5

EARLY SETTLEMENT CONFERENCE

It is recognized that the parties have requested "that the court order a Mandatory Settlement Conference upon completion of discovery." (JSR at 4.) However, because the parties indicate that the prospects for settlement cannot yet be accurately evaluated, such an order will not issue at this time.

MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause**.

IT IS SO ORDERED.

Dated:  March 7, 2007

GARLAND E. BURRELL, JR.
United States District Judge